QUESTIONS: 1. Is an applicant's surviving spouse or estate entitled to a refund under Ch. 491, F.S., when said applicant died after submitting a completed application and examination fee to sit for the sanitarians' registration examination? 2. Is an applicant entitled to a refund under Ch. 491, F.S., when said applicant submitted a completed application and examination fee but was not allowed to sit for the sanitarians' registration examination upon the determination by the Sanitarians' Registration Board that the educational qualifications as stated in said applicant's application were false?
SUMMARY: Refunds of examination fees collected and paid under Ch.491, F.S., may be allowed under s. 215.26, F.S., if the Sanitarians' Registration Board has not initiated any investigations or action concerning the application to take the examination or concerning the applicant's qualifications. When said investigations are begun, the fee is earned, or is due; and no part may be refunded, although the applicant is not permitted to take the examination or the applicant's surviving spouse or estate later requests a return of the fee. Section 491.08, F.S., states in part: . . . a person desiring to be registered as a sanitarian shall apply to the secretary of the board in writing, on a blank furnished by the board. He shall embody in that application evidence under oath, satisfactory to the board, of his possessing the qualifications preliminary to examination required under s. 491.06. He shall pay to the board at the time of filing his application a fee of not less than $25 or more than $50 to be fixed annually by the board. In accord with s. 491.16, F.S., such moneys are deposited and expended pursuant to the provisions of s.215.37, F.S., as amended by Ch. 75-201, Laws of Florida. No provision of Ch. 491, F.S., authorizes the refund of such examination fees by the board or any other officer of the state. Section 215.37(2), F.S., provides that "[a]ll fees . . . shall be deposited in the State Treasury into a separate trust fund to the credit of the individual board"; while s. 215.37(6), F.S., provides that ". . . all disbursements shall be made by the Comptroller only as provided by law for all agencies of government." Section 215.31, F.S., governs the circumstances under which the Comptroller is allowed to make such disbursements and states in pertinent part: Revenue, including . . . fees . . . received under the authority of the laws of the state by each and every . . . board . . . shall be promptly deposited in the State Treasury, and immediately credited to the appropriate fund . . . and no money shall be paid from the State Treasury except as appropriated and provided by the annual General Appropriations Act, or as otherwise provided by law. (Emphasis supplied.) The Supreme Court of Florida, in State ex rel. Victor Chemical Works v. Gay, 74 So.2d 560 (Fla. 1954), held that unless there was some statutory authority providing for refunds, money could not be recovered once it had been paid into the State Treasury. The statutory authority for recovering money paid into the State Treasury is contained in s. 215.26(1), F.S., which states in part: (1) The Comptroller of the state may refund to the person who paid same, or his heirs, personal representatives or assigns, any moneys paid into the State Treasury which constitute: (a) An overpayment of any tax, license or account due; (b) A payment where no tax, license or account is due; and (c) Any payment made into the State Treasury in error . . . . Examination fees collected and paid into the State Treasury cannot be refunded in the instant situation as an overpayment of an account due or as a payment made in error. Said fees can only be recovered under s.215.26(1), F.S., if they were not due. Whether or not said fees were due, thereby determining the allowability of refunds, has been previously interpreted by AGO's 056-219 and 058-334. These opinions concluded that refunds of examination fees were allowed only when boards governed by s. 215.37, F.S., had not initiated investigations concerning the application or concerning the applicant's qualifications. When such investigations are begun, the fee is earned and is due; and no part of it may be refunded, although the applicant is not permitted to take the examination (AGO 056-219), or the applicant later requests a return of his fee (AGO 058-334). Attorney General Opinion 056-219 involved the refund of a $50 fee required to accompany an application for a medical license issued by examination under s. 458.10, F.S. The applicant filed his application and fee before passing the basic science examination, a prerequisite for qualifying to take the medical examination. Although the opinion did not grant or deny a refund because of insufficient facts, the opinion stated that: Where the medical board accepts such an application to take the medical examination, should the applicant take and pass the basic science examination, and makes the necessary and customary investigation concerning the qualifications of the applicant, the fee is earned although the applicant is not permitted to take the examination, and no part may be refunded. Likewise, in response to the question of when fees collected by the State Board of Chiropody Examiners pursuant to s. 461.03, F.S. [now Board of Podiatry Examiners, s. 461.03], could be refunded, AGO 058-334 stated that, upon the board's acceptance of applications and upon beginning investigations concerning the applicants' qualifications, "the fee which is required to be submitted with the application is earned; and no part of it may be refunded, although the applicant later requests a return of the fee." The rationale for the above opinions is that the fee does not merely constitute compensation for administering the examination itself, but constitutes compensation for making the necessary investigations in regulating the practice of medicine or podiatry prior to allowing an individual to take the examination. Attorney General Opinions 056-219 and 058-334. Although the above opinions involve the State Board of Medical Examiners and the Board of Podiatry Examiners, they are applicable to the Sanitarians' Registration Board. The deposits and expenditures of these two agencies are governed by ss. 215.31 and 215.37, F.S., as are the deposits and expenditures of the Sanitarians' Registration Board. Therefore, according to the above statutes and opinions, entitlement to refunds of examination fees collected and paid under Ch. 491, F.S., appears to be determined by whether the Sanitarians' Registration Board has initiated investigatory proceedings concerning the individual's application to take the examination or concerning the applicant's qualifications. If any action has been taken, the fee has been earned or is considered due and may not be refunded. However, if the board has not taken action upon the application, either in whole or in part, the application may be withdrawn and the fee refunded under s. 215.26, F.S., since the fee is not due until some action has been taken. Attorney General Opinions 056-219 and 058-334. Your first question, therefore, cannot be answered in the affirmative or in the negative, since the facts presented are not sufficient to determine whether the Sanitarians' Registration Board has initiated any action upon the deceased individual's application. However, the above discussion will aid in answering the question when the full facts are ascertained. Your second question appears to be answered in the negative, based upon the facts as stated in your letter. Apparently, the Sanitarians' Registration Board has investigated the applicant's educational qualifications and has found them to be contrary to those stated in the application. If this assumption is correct, the applicant's request for a refund should be denied.